CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

OCT 04 2018

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| LINDA RIFFLE AIKEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:17-cv-00014 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I grant the Commissioner's Motion for Summary Judgment [ECF No. 16] and affirm the Commissioner's decision. The R&R was filed on June 7, 2018 [ECF No. 18], and Plaintiff Linda R. Aiken filed objections on June 21 [ECF No. 19]. The Commissioner responded [ECF No. 20], and the matter is now ripe for review. See Fed. R. Civ. P. 72(b). After careful review and consideration, and for the reasons stated below, I will overrule Plaintiff's objections and grant the Commissioner's Motion for Summary Judgment.

I. **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On January 23, 2014, Plaintiff filed an application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act ("the Act"). See 42 U.S.C. §§ 401–33 (2016). (R. 142–143.) In her application, Plaintiff alleged that she had been disabled since March 22, 2013, due to a combination of: back injury; fibromyalgia; manic depression/bipolar disorder; arthritis; panic attacks; and hypoglycemia. (See, e.g., R. 46.) The Commissioner denied Plaintiff's claims initially on July 25, 2014, and again upon reconsideration on September 22, 2014. (See R. 46–74.)

Plaintiff requested a hearing before an Administrative Law Judge and, on January 11, 2016, Plaintiff appeared with her attorney before Administrative Law Judge Brian B. Rippel ("the ALJ"). (R. 9–44.) Both Plaintiff and a vocational expert, Dr. Barry S. Hensley, testified. (Id.) In a written decision dated January 29, 2016, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (See generally R. 597–613.) He found that Plaintiff suffered from fibromyalgia, obesity, and lumbar facet syndrome, all of which qualified as serious impairments. (R. 599–600 (citing 20 C.F.R. §§ 404.1520(c)).) The ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 601 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, & 404.1526).)

After consideration of the entire Record, the ALJ concluded that Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) with some limitations. (See R. 601–610.) The ALJ determined that Plaintiff was unable to climb ladders, ropes, or scaffolds, and limited her to occasional pushing/pulling with her left arm and frequent use of hand controls with her left hand. Additionally, he limited Plaintiff to occasional overhead reaching with her left arm. He found that Plaintiff could occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs, and that she could only have occasional exposure to vibrations and hazards. (R. 601–02.) The ALJ concluded that Plaintiff was capable of performing her past relevant work as a loan officer, general office clerk, and restaurant manager. (R. 610–12 (citing 20 C.F.R. § 404.1565).) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (R. 612.) The Appeals Council denied Plaintiff's request for review (R. 589–91), and the decision of the ALJ became the final decision of the Commissioner on January 19, 2017. (Id.)

On March 21, 2017, Plaintiff filed suit in this Court to challenge the final decision of the Commissioner. (Compl. [ECF No. 2].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration. The Commissioner filed a Motion for Summary Judgment on November 1, 2017 [ECF No. 16]. On June 7, 2018, Judge Hoppe filed his Report and Recommendation ("R&R"), recommending that I grant the Commissioner's motion for summary judgment and affirm the decision of the Commissioner. (R&R, June 7, 2018 [ECF No. 18].) On June 21, Plaintiff filed her objections to the R&R. (Pl.'s Obj., June 21, 2018 [ECF No. 19].) The Commissioner responded on June 26 [ECF No. 20], so the matter is now ripe for review.

## II. STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting

that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary," Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589), or the secretary's designate, the ALJ, Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

### III.  DISCUSSION

Plaintiff makes two objections to Judge Hoppe's R&R. First, she contends he erred in finding that the ALJ properly determined Plaintiff did not need a walker. Second, she contends it was error to affirm the ALJ's rejection of PA Sun's opinion of Plaintiff's limitations. Both objections will be addressed in turn.

Plaintiff's first objection is that the Magistrate Judge erred in concluding that the ALJ properly concluded that Plaintiff did not require an assistive device, i.e. a walker, to ambulate. As to the merits of the argument, there is no competent medical evidence in the record to suggest that Plaintiff required a walker.

Social Security Ruling 96-9p requires the ALJ to consider "the impact of 'medically required' hand-held devices," such as canes or walkers, when determining an individual's residual functional capacity. "To find that a hand-held assistive device is medically required,

there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996).

The ALJ correctly noted that "none of [Plaintiff's] treatment notes indicate she was using [a walker] at her appointments," and "the record does not show that [a walker] was recommended . . . or that it was necessary for effective ambulation." (R. 608.) In fact, the Record is replete with references to Plaintiff's adequate ambulation without a walker. (See, e.g., R. 479.) As the Magistrate Judge properly recounted, Plaintiff's use of a walker was only mentioned twice in her medical records. First, Plaintiff mentioned to Dr. Deveshwar that she fell out of her "Rollator" in June 2015. (R. 462.) Notably, Dr. Deveshwar never recommended that Plaintiff use a walker or Rollator. The second reference to a walker was by a social worker, not a physician, who recommended that Plaintiff use a walker. (E.g., R. 572). No physician supported that recommendation. As a result, the Record fully supports the ALJ's conclusion that Plaintiff's medical records did not support a finding that a walker was medically necessary. Accordingly, the ALJ properly excluded such a limitation from Plaintiff's RFC.

In order to avoid this apparent conclusion, Plaintiff relies on her own testimony that Dr. Deveshwar told her she needed a walker and would write a prescription for it if she wanted. Because Plaintiff was able to get the walker through her insurance without a prescription, however, she never requested the prescription. She contends that the ALJ erred in not ordering a consultative examine to determine whether a walker was medically necessary. See 20 C.F.R. § 404.1520b(b).

When evidence in the Record is "insufficient or inconsistent," the ALJ may, but is not required to, ask a claimant to undergo a consultative examine, or the ALJ may merely request additional evidence. Id. According to the applicable regulations, evidence is "insufficient when it does not contain all the information [the ALJ] need[s] to make [his] determination or decision." Id. Evidence is "inconsistent when it conflicts with other evidence, contains an internal conflict, is ambiguous, or when the medical evidence does not appear to be based on medically acceptable clinical or laboratory diagnostic techniques." Id.

Here, the evidence on which the ALJ relied was neither insufficient nor inconsistent. The medical records detailed *no* provider *ever* suggesting that a walker was *medically necessary* for Plaintiff's ambulation. In fact, as stated above, Plaintiff routinely was documented to ambulate effectively *without an assistive device*, despite her other limitations. (See, e.g., R. 475, 479.) Moreover, Plaintiff was represented by counsel and the Record was adequately developed. Cf. Walker v. Harris, 642 F.2d 712, 714–15 (4th Cir. 1981).

The controlling statute empowers a District Court to remand a case so that additional evidence may be taken, "but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g) (2018). No such evidence or good cause exists here. Accordingly, substantial evidence supports the ALJ's determination, and Plaintiff's first objection will be overruled.

Plaintiff's second objection concerns the ALJ's rejection of Plaintiff's treating physician's assistant's opinion. Plaintiff contends that PA Sun's opinion of Plaintiff's limitations was impermissibly discounted. Even granting Plaintiff's argument that PA Sun's opinion was entitled to the deference afforded treating physicians, see, e.g., Palmer v. Colvin,

No. 5:13-cv-126-BO, 2014 WL 1056767, at *2 (E.D.N.C. Mar. 18, 2014), there is substantial evidence to support the ALJ's determination.

Plaintiff contends PA Sun, a physician's assistant, is entitled to the deference afforded to a treating physician.[1] A treating physician's opinion is traditionally afforded "controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). When there is "persuasive contrary evidence," and if the ALJ gives "good reasons" that are supported by the record, the ALJ may give a treating physician's opinion less weight. Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Here, the ALJ cited Plaintiff's "relatively benign physical examinations" as cause to give PA Sun's opinion little weight, as well as the ALJ's opinion that PA Sun "appears to adopt [Plaintiff's] allegations without balance or objectivity." (R. 610.) Certainly these are valid rationales for rejecting a provider's opinion, provided they are supported by substantial evidence. See Bryan v. Colvin, No. 7:14-cv-57-KS, 2015 WL 1456136, at *3–4 (E.D.N.C. Mar. 30, 2015); Fowler v. Colvin, No. 3:14cv855, 2015 WL 8488971, at *10 (E.D. Va. Oct. 13, 2015) (Report & Recommendation), adopted by 2015 WL 8484443 (E.D. Va. Dec. 9, 2015).

As the ALJ noted, when crafting his limitations for Plaintiff, PA Sun appeared to rely almost exclusively on Plaintiff's subjective complaints, complaints which the ALJ determined were less than credible. (Compare R. 485, 488, 497, 508, & 511 with R. 458.) Plaintiff does not object to the determinations regarding Plaintiff's credibility, so it follows that reliance on

---

[1] Although, for the purposes of this opinion, I assume without deciding that PA Sun's opinion was entitled to the deference afforded a treating physician, I adopt the Magistrate Judge's excellent recitation of the law concerning medical opinion from non-acceptable medical sources.

Plaintiff's subjective complaints makes PA Sun's conclusions subject to less deference. <u>Accord</u> <u>Morris v. Barnhart</u>, 78 F. App'x 820, 824 (3rd Cir. 2003) (unpublished).

Moreover, examination of PA Sun's treatment notes reveals inconsistencies with his recommended limitations. In his physical assessment, PA Sun stated that Plaintiff: would "constantly" be impaired by her symptoms; could only walk one city block before needing to rest or before experiencing significant pain; could only sit for less than an hour in an 8-hour day; could only stand or walk for less than an hour in an 8-hour day; could occasionally lift less than 10 pound, but never more; could only use her hands and arms for 20% of her time during an 8-hour workday; and could only use her fingers 50% of her time during an 8-hour workday. (R. 458–59.) His treatment notes, however, indicated 4+/5 motor strength throughout *all* her extremities, no involuntary motor movements, and normal reflexes. (<u>See</u> R. 486, 513.) He also recommended pool therapy and "gentle stretching exercises." (R. 486, 489, 498.) Moreover, after undergoing radiofrequency facet denervation, Plaintiff reported 75% relief and was "very pleased with her results." (R. 497.) He also noted that Plaintiff has trouble with "prolonged" sitting and standing (R. 508), yet he attested that she could only sit or stand/walk for less than an hour in an 8-hour workday. (<u>Compare</u> R. 508 <u>with</u> R. 458.) On the record before me, I must conclude that there is substantial evidence to give PA Sun's opinion "little weight." Although there is evidence to support some of PA Sun's recommendations, his treatment notes are inconsistent with his ultimate conclusions. Plaintiff's objection will therefore be overruled.

## IV. CONCLUSION

The ALJ's decision is support by substantial evidence.  I have reviewed the remainder of the ALJ's opinion for clear error.  Finding none, the R&R will be adopted and the Commissioner's Motion for Summary Judgment will be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

**ENTERED** this 4th day of October, 2018.

    s/Jackson L. Kiser
    SENIOR UNITED STATES DISTRICT JUDGE